UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORMAN EMILIO AJTZIP ZAMORA, | No.  1:26-cv-03240-DAD-AC (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| WARDEN, GOLDEN STATE ANNEX, et al., | |
| Respondents. | (Doc. Nos. 1, 2) |

On April 28, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On April 28, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided.  (Doc. No. 6.)

On April 30, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 7.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC),

2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also argue that the court's decision in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), is distinguishable from this case because in *Quichimbo-Jimenez* the petitioner had previously encountered and was released by immigration authorities.  (Doc. No. 7 at 3–4.)  In this regard, respondents are mistaken.  In *Quichimbo-Jimenez*, the undersigned found that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  *Quichimbo-Jimenez*, 2026 WL 679378, at *1–2.  This finding was not premised on the petitioner's prior contact with immigration authorities, which instead created a distinct and separate reliance interest for the petitioner in his continued release.  *Id.* at *2.

In its order setting a briefing schedule on the pending motion, the court indicated that it would rule on the underlying merits of the petition should it conclude that petitioner is entitled to the relief sought in the habeas petition.  (Doc. No. 6.)  It further directed respondents that if they opposed the court ruling on the underlying petitioner, then they were to so indicate in their opposition.  (*Id.*)  Respondents have failed to oppose the court ruling on the underlying petition and accordingly the court will therefore resolve the merits of the habeas petition.

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States without inspection in or about 2021.  (Doc. No. 7-1 at 2.)  On April 16, 2026, petitioner encountered immigration authorities and was detained by them.  (Doc. No. 1 at 5–6.)

The court incorporates and adopts the reasoning set forth in its prior order *Quichimbo-Jimenez*, 2026 WL 679378, and concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, an argument which the court has rejected above.  In their opposition, respondents do not identify any alternative statute under which petitioner may be legally detained. The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute.  Accordingly, the court also incorporates its reasoning in

2

*Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents has failed to provide authority for petitioner's detention.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

 a.    Respondents are ORDERED to immediately release petitioner Jorman Emilio Ajtzip Zamora, A-File No. 240-464-764, from respondents' custody on the conditions, if any, he was subject to prior to his detention on April 17, 2026;

 b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  __**May 1, 2026**__                    _____
             DALE A. DROZD
             UNITED STATES DISTRICT JUDGE

3